# PROCESS RECEIPT AND RETURN

U.S. Department of Justice
United States Marshals Service

C-1

See "Instructions for Service of Process by U.S. Marshal"

FILED
2025 MAR -6 PM 3:44
US DISTRICT COURT
EASTERN DIST. TENN.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| UNITED STATES OF AMERICA | 1:24-CR-82 |
| DEFENDANT | TYPE OF PROCESS |
| JAMES C. THOMPSON | Subpoena to Produce Documents |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
TSW II LP
ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
736 Market Street, Suite 1400, Chattanooga, TN 37402

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

U.S. Attorneys Office
Attn: Daniel Nugent
800 Market Street, Suite 211
Knoxville, TN 37902

| Number of process to be served with this Form 285 | |
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):

PLEASE SERVE PERSONALLY.

Signature of Attorney other Originator requesting service on behalf of:
☒ PLAINTIFF
☐ DEFENDANT
TELEPHONE NUMBER: 865-545-4167
DATE: 2-3-25

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated (Sign only for USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | 1 | No. 074 | No. 075 | | 02/05/2025 |

I hereby certify and return that I ☒ have personally served, ☒ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (See remarks below)

Name and title of individual served (if not shown above)
RIANN BILDERBACK    EXECUTIVE ADMINISTRATOR

☒ A person of suitable age and discretion then residing in defendant's usual place of abode

Address (complete only different than shown above)

| Date | Time | |
|---|---|---|
| 02/28/25 | 1200 | ☐ am ☒ pm |

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges including endeavors | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or Amount of Refund* |
|---|---|---|---|---|---|
| 05.00 | .85 | 0 | 45.35 | 0 | $0.00   05.35 |

REMARKS:
Please Personally Serve
Served

USA is a party in the case. No payment will be due.

**PRINT 5 COPIES:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT* - To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/15/80
Automated 01/00

Civil Action No. 1:24-CR-82 - C1

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* TSW II LP
was received by me on *(date)* 02/05/2025.

☒ I personally served the subpoena on the individual at *(place)* EXECUTIVE ADMINISTRATOR RIANN BIDERBACK on *(date)* 02/28/25; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____, a person of suitable age and discretion who resides there, on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____, who is designated by law to accept service of process on behalf of *(name of organization)* _____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because _____; or

☐ other *(specify)*:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ ~~000~~.35 for travel, and $ 65⁰⁰ for services, for a total of $ ~~0.00~~ 65³⁵.

I declare under penalty of perjury that this information is true.

Date: 02/28/25

*Server's signature*

Rick Barrett Duson
*Printed name and title*

900 GEORGIA AVE CHATTANOOGA TN
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:24-CR-82 |
| JAMES C. THOMPSON | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

To: TSW II, LP
736 Market Street, Suite 1400, Chattanooga, TN 37402

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  Please see Exhibit A

| Place: U.S. Attorney's Office Attn: Daniel Nugent<br>800 Market Street, Suite 211<br>Knoxville, TN 37902 | Date and Time:<br>03/03/2025 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 2/3/25

CLERK OF COURT

_____       OR       *Daniel P Nugent*
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* United States of America
, who issues or requests this subpoena, are:

Daniel Nugent, Assistant United States Attorney
800 Market Street, Suite 211           865-545-4167
Knoxville, TN 37902                    Daniel.Nugent@usdoj.gov

# EXHIBIT A
# SUBPOENA TO TSW II, LP

## I. INSTRUCTIONS FOR COMPLIANCE WITH SUBPOENA FOR DOCUMENTS

A. For the purpose of providing the documents in accordance with this subpoena the following definitions shall apply:

1) The term "document" means the original, or a true copy, of any tangible thing or subject matter having any informational content whatsoever, which is now in your actual or constructive possession, custody or control or in the possession, custody or control or in the possession, custody or control of your employees, agents, attorneys or representatives of any type whatsoever. Without limiting the generality of this definition, and for the purposes of illustration only, the term includes, but is not limited to, any printed, written, typewritten, recorded, transcribed, filed, photographed or other graphic matter and any other information storage medium including but not limited to tapes, disks and computer software/program or hard drive. A copy of a document containing notations or markings of any kind not found in the original is deemed to be a separate and distinct document and must be produced.

B. Because this subpoena may be filed with the United States District Court and thereby become a public document, the United States has not included the Social Security Number of the subject(s). If further identifying information is required, please contact Joshua Kelly, Financial Litigation Unit, Office of United States Attorney, at (865) 545-4167.

## II. DOCUMENTS SOUGHT BY SUBPOENA

For the time period of January 1, 2020, through the date of your response, any and all records of mortgage accounts; charge accounts; loan accounts; IRS accounts; financial statements; wire transfers; credit applications; credit reports; account statements; deposit records, including copies of deposited items which exceed $250.00; certificates; loan applications; signature cards; authorizations; resolutions; account, loan, or other agreements; copies of the front and back of all checks (including cancelled checks); and all other information as may be included in said records and files regarding, relating to, or including but not limited to any and all accounts held in the name(s) of the following, or for which any of the following own or have signatory authority: James C. Thompson (xxx-xx-4354).

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).